Elizabeth S. Loring (0076542)
Attorney for Plaintiff

## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | |
|---|---|
| **TASHARA BANKS**<br>809 Oak Ave.<br>Cincinnati, OH 45249 | Case No. _____<br>Judge: _____ |
| Plaintiff, | |
| v. | |
| **CELLCO PARTNERSHIP, INC.,**<br>**d.b.a VERIZON WIRELESS**<br>c/o CT Corporation Systems<br>1300 E. 9th Street<br>Cleveland, OH 44114 | |
| and | **COMPLAINT WITH JURY**<br>**DEMAND ENDORSED HEREON** |
| **VERIZON COMMUNICATIONS, INC.,**<br>c/o CT Corporation Systems<br>1300 E. 9th Street<br>Cleveland, OH 44114 | |
| and | |
| **VERIZON WIRELESS LLC**<br>c/o CT Corporation Systems<br>1300 E. 9th Street<br>Cleveland, OH 44114 | |
| Defendants. | |

Plaintiff Tashara Banks complaining of Defendants Cellco Partnership, Inc. d.b.a. Verizon Wireless, Verizon Communications, Inc., and Verizon Wireless LLC alleges as follows:

### PARTIES

1. Tashara Banks, formerly Tashara Nelson ("Plaintiff"), is a citizen and resident of the State of Ohio.

2. Cellco Partnership d.b.a Verizon Wireless, Verizon Wireless LLC, and Verizon Communications, Inc. ("Defendants") are foreign corporations doing business in Hamilton County, Ohio. Defendants are employers within the meaning of Ohio law.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this case because all counts arise under the laws of the State of Ohio, and the amount in controversy exceeds $25,000.00.

4. Venue is proper in Hamilton County, Ohio because Defendants do business in Hamilton County, and the events giving rise to this Complaint occurred in Hamilton County, Ohio.

## FACTUAL ALLEGATIONS

5. Plaintiff is an African-American female with a disability and a record of a disability.

6. Defendants own and operate retail stores that sell wireless communication devices and services.

7. Plaintiff began working for Defendants as a customer service representative on or about May 21, 2007 at their Kenwood retail location in Cincinnati, Ohio.

8. Plaintiff was qualified for her position(s) at all relevant times, with or without accommodation.

9. Plaintiff exceeded expectations and was quickly promoted to retail sales representative in about March 2008.

10. In about November 2008, Defendants placed Assistant Manager Jillian Sigrist at Plaintiff's location.

11. Sigrist subjected Plaintiff to verbal abuse and harassment because of her race.

12. Plaintiff complained about Sigrist's abuse and harassment to Sigrist's supervisor, Store Manager Kris Sprague.

2

13. Sprague told Plaintiff that she would be "okay," but Sigrist's abuse continued.

14. For example, Sigrist threatened to fire Plaintiff, falsely accused her of theft, and made jokes about Plaintiff to her coworkers.

15. Plaintiff pleaded with Sprague for a transfer from the hostile environment, but Sprague denied her requests.

16. On or about January 26, 2009, Plaintiff emailed Sprague, Sigrist, Regional Retail Director Tom Martinelli, and District Manager Bob Flynn, as well as Defendants' CEO, Executive Vice President Jack Plating, and COO Dennis Strigl, among others. In the email, Plaintiff complained of race discrimination.

17. Defendants took no action to investigate or alleviate the hostile work environment, and Plaintiff continued to be harassed.

18. Defendants promoted other, less qualified Caucasian individuals over Plaintiff.

19. In about June 2009, Plaintiff was diagnosed with neuropathy, a disability of the nervous system that substantially limited her ability to grasp, lift, and stand, among other limitations.

20. Plaintiff notified Defendants of her disability and requested an accommodation for her disability in about June 2009 in the form of a stool or chair to sit on at work, because her disability caused severe pain after extended standing.

21. On or about July 10, 2009, Flynn refused Plaintiff's request, saying he did not want a stool or chair on the sales floor.

22. However, other retail locations of Defendants allow retail employees to use chairs or stools.

23. After refusing Plaintiff's request, Flynn told Plaintiff that if she needed a stool, she had to leave the workplace and file a disability insurance claim.

3

24. Plaintiff told Defendants' Human Resources department that Flynn refused her accommodation, but Defendants did not remedy the situation and terminated her employment.

25. Plaintiff applied for and received disability insurance benefits.

26. Plaintiff was replaced by a less qualified Caucasian, non-complaining and/or non-disabled employee.

27. Defendants told Plaintiff repeatedly that she would be eligible for rehire at the conclusion of her disability benefits.

28. In about July 2011, Plaintiff applied for two open retail sales representative positions available, because her disability benefits were going to expire.

29. Plaintiff was told by Human Resources that she was ineligible for rehire by Defendants because of her disability, and Defendants refused to hire her.

30. Other less qualified, Caucasian, non-complaining, and/or non-disabled employees were hired by Defendants instead of Plaintiff.

31. Defendants engage in a pattern and practice of race and/or disability discrimination and/or retaliation.

## COUNT I

### (Race Discrimination - O.R.C. Chapter 4112)

32. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

33. Defendants discriminated against Plaintiff on the basis of her race by treating her worse than similarly-situated Caucasian employees, terminating her employment because of her race, promoting similarly-situated less qualified Caucasian employees instead of Plaintiff, and hiring similarly-situated, less qualified Caucasian employees instead of Plaintiff.

34. Defendants' above-described actions were intentional, malicious, willful and wanton in nature, and in reckless disregard for Plaintiff's rights.

4

35. As a direct and proximate result of Defendants' above-described conduct, Plaintiff has suffered damages for which she is entitled to recovery under O.R.C. Chapter 4112.

## COUNT II

### (Retaliation - O.R.C. Chapter 4112)

36. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

37. Plaintiff engaged in protected activity by complaining to Defendants' managers of race discrimination.

38. Defendants retaliated against Plaintiff because of her protected complaints by treating her worse than similarly-situated non-complaining employees, terminating her employment because of her complaints, promoting similarly-situated, less qualified non-complaining employees instead of Plaintiff, and hiring similarly-situated, less qualified non-complaining employees instead of Plaintiff.

39. Defendants' above-described actions were intentional, malicious, willful and wanton in nature, and in reckless disregard for Plaintiff's rights.

40. As a direct and proximate result of Defendants' above-described conduct, Plaintiff has suffered damages for which she is entitled to recovery under O.R.C. Chapter 4112.

## COUNT III

### (Disability Discrimination - O.R.C. Chapter 4112)

41. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

42. Plaintiff is disabled, has a record of a disability, and was perceived by Defendants as disabled.

43. Defendants discriminated against Plaintiff on the basis of her real or perceived disability and/or record of a disability by treating her worse than similarly-situated non-disabled employees, terminating her employment because of her disability, promoting similarly-situated

5

less qualified non-disabled employees instead of Plaintiff, and hiring similarly-situated, less qualified non-disabled employees instead of Plaintiff.

44. Plaintiff requested a reasonable accommodation for her disability, and Defendants denied her request without justification.

45. Defendants' above-described actions were intentional, malicious, willful and wanton in nature, and in reckless disregard for Plaintiff's rights.

46. As a direct and proximate result of Defendants' above-described conduct, Plaintiff has suffered damages for which she is entitled to recovery under O.R.C. Chapter 4112.

## COUNT IV

### (Retaliation - O.R.C. Chapter 4112)

47. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

48. Plaintiff engaged in protected activity by requesting reasonable accommodation for her disability.

49. Defendants retaliated against Plaintiff for requesting reasonable accommodation for her disability by terminating her employment, failing to hire her, and replacing her with a non-disabled employee because she requested reasonable accommodation for her disability.

50. Defendants' above-described actions were intentional, malicious, willful and wanton in nature, and in reckless disregard for Plaintiff's rights.

51. As a direct and proximate result of Defendants' above-described conduct, Plaintiff has suffered damages for which she is entitled to recovery under O.R.C. Chapter 4112.

**WHEREFORE**, Plaintiff demands judgment as follows:

  a) That Plaintiff be reinstated to her employment effective immediately;

  b) That Plaintiff be awarded all past and future lost compensation and benefits;

6

c) That Plaintiff be awarded compensatory damages, including, but not limited to, emotional distress;

d) That Plaintiff be awarded punitive damages;

e) That Plaintiff be awarded pre- and post-judgment interest;

f) That Plaintiff be compensated for adverse tax consequences of receiving a lump sum award rather than compensation over separate tax years;

g) That Plaintiff be awarded reasonable attorneys' fees and costs; and

h) That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully Submitted,

/s/ *Elizabeth S. Loring*
Elizabeth S. Loring (0076542)
Trial Attorney for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH 45202
(513) 721-1975/Fax: (513) 651-2570
*eloring@frekingandbetz.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ *Elizabeth S. Loring*

ELECTRONICALLY FILED 12/11/2012 17:26 / IFIJ / A 1209554 / CONFIRMATION NUMBER 209146